United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJAMADAM C. VENKATRAMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>Defendants. | Case No. 19-CV-01386-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART**<br><br>Re: Dkt. No. 9 |

Plaintiffs Rajamadam Venkatraman and Radhika Venkatraman ("Plaintiffs") sue Defendants The Bank of New York Mellon ("BONY Mellon"), Accredited Home Lenders, Inc. ("Accredited"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Caliber Home Loans ("Caliber"), and Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett") (collectively, "Defendants") for claims arising from a January 2015 foreclosure. Plaintiffs filed their complaint pro se, but are now represented by counsel. Before the Court is Defendants' motion to dismiss Plaintiffs' complaint. Having considered the parties' submissions, the relevant case law, and the record in this case, the Court hereby GRANTS Defendants' motion to dismiss Plaintiffs' complaint with prejudice in part and without prejudice in part.

1
Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

## I. BACKGROUND

### A. Factual Background

Plaintiffs are individuals and the former owners of the property at 1031 Harlan Drive, San Jose, CA ("Property"). ECF No. 1-1, Ex. A ("Compl."), ¶ 1. Plaintiffs acquired title to the property on July 31, 1997. *Id.* ¶ 13.

On or about December 1, 2006, Plaintiffs refinanced the Property and received an $860,000 loan from Defendant Accredited. *Id.* ¶ 14. The loan was secured by a deed of trust. *Id.* The deed of trust lists Defendant MERS as beneficiary for Defendant Accredited and non-party Old Republic Title Company as trustee. *Id.*; *see also* Compl., Ex. 1 (2006 deed of trust). The deed of trust states that if Plaintiffs are in default under the deed of trust, the lender "may invoke the power of sale" and that the trustee may record a notice of default. Ex. 1 at 13.

On March 24, 2010, pursuant to an Assignment of Deed of Trust recorded with the Santa Clara County Recorder's Office, Defendant MERS assigned its interest as beneficiary in the deed of trust to Defendant BONY Mellon. ECF No. 10, Ex. B.[1]

On April 21, 2014, Defendant Caliber executed a form titled "California Declaration of Compliance with (Cal. Civ. Code § 2923.55(C))." Compl., Ex. 2 at 4. Defendant Caliber checked the box that stated the following: "The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. The due diligence efforts were satisfied on September 5, 2013." *Id.*

On May 21, 2014, pursuant to a Substitution of Trustee recorded with the Santa Clara County Recorder's Office, the beneficiary Defendant BONY Mellon substituted Defendant Barrett

---

[1] Defendants ask the Court to take judicial notice of six publicly recorded documents. ECF No. 10. Plaintiffs attached four of the documents to their Complaint, and thus the Court need not separately take judicial notice of those documents. *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (holding that on a motion to dismiss, a court may consider "exhibits attached to the complaint"). The remaining documents, Exhibits B and C, are a publicly recorded assignment and a substitution of trustee, and are thus subject to judicial notice as public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that a court may take judicial notice of undisputed matters of public record). Moreover, Plaintiffs do not oppose the request for judicial notice or dispute any facts in Exhibit B or C. Thus, the Court grants Defendants' request for judicial notice of Exhibits B and C.
2

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

as trustee in place of Old Republic Title Company. ECF No. 10, Ex. C. On June 16, 2014, Defendant Barrett recorded a notice of default with the Santa Clara County Recorder's Office and began foreclosure proceedings against the Property. Compl. ¶ 15; *see id.*, Ex. 2 (notice of default).

On November 10, 2014, Defendant Barrett recorded a notice of trustee's sale with the Santa Clara County Recorder's Office. Compl. ¶ 17; *see* Compl., Ex. 3 (notice of trustee's sale). The notice stated that a trustee's sale was scheduled for December 8, 2014. *Id.* at 1. At the time, Plaintiffs' unpaid loan balance was $936,891.18. *Id.*

Plaintiffs allege that on an unspecified occasion, Plaintiffs requested a loan modification. *Id.* ¶ 19. Plaintiffs allege that Defendants "agreed to accept partial payment towards reinstatement of the defaulted loan as consideration for postponing the tentative Trustee's Sale in furtherance of a loan modification." *Id.* ¶ 21. Plaintiffs allege that on or about January 15, 2015, Plaintiffs made a partial payment of $60,000 to Defendant Caliber. *Id.* ¶ 22.

On February 2, 2015, Defendant Barrett recorded a trustee's deed upon sale that indicated Skyway Investments, LLC had purchased the Property. ECF No. 1-1, Ex. 4.

**B. Procedural History**

On January 16, 2019, Plaintiffs, proceeding pro se, filed a complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. Plaintiffs' complaint alleges four causes of action: (1) violation of California Civil Code § 2923.5 against all Defendants; (2) breach of contract against all Defendants; (3) breach of good faith and fair dealing against all Defendants; and (4) accounting and open book against Defendant Caliber. *Id.* at ¶¶ 25–75. Plaintiffs' complaint attaches several documents, including Plaintiffs' deed of trust, the notice of default under the deed of the trust, and the notice of trustee's sale of the Property. *See id.*, Exs. 1–4.

On February 22, 2019, Defendant Barrett filed a declaration of non-monetary status in state court. ECF No. 1-1, Ex. B. Plaintiffs did not object to Defendant Barrett's declaration of non-monetary status in state court. ECF No. 1-1, Ex. E. Pursuant to California law, Defendant Barrett

3

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

is thus a nominal party and is not considered for purposes of removal jurisdiction. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (citing Cal. Civ. Code § 2924l(d)).

On March 14, 2019, Defendants removed the case to federal district court on the basis of diversity jurisdiction. ECF No. 1. Defendants explained that Plaintiffs are residents of California, as alleged in the Complaint. *Id.* at 3. Defendant Accredited is a defunct entity that dissolved in December 2012. ECF No. 1-1, Ex. C. All other Defendants are incorporated and have their principal places of business in states other than California. ECF No. 1 at 4.

The case was originally assigned to United States Magistrate Judge Nathanael Cousins. ECF No. 3. On March 21, 2019, Defendants filed the instant motion to dismiss. ECF No. 9 ("Mot."). On April 8, 2019, the case was reassigned to the undersigned after Plaintiffs failed to consent or decline magistrate judge jurisdiction by the April 3, 2019 deadline. ECF No. 12.

On June 25, 2019, Plaintiffs filed an untimely opposition to Defendants' motion to dismiss. ECF No. 17 ("Opp."). On June 25, 2019, Jonathan Black was substituted in as Plaintiffs' counsel. ECF No. 18. On July 3, 2019, Defendants filed their reply. ECF No. 22 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

4
Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

5

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

## III. DISCUSSION

Defendants move to dismiss all four claims in Plaintiffs' complaint. Defendants also argue that the Court should disregard Plaintiffs' opposition to the instant motion as untimely. Under the Northern District of California's Civil Local Rules, an opposition to a motion "must be filed and served not more than 14 days after the motion was filed." Civ. L.R. 7-3(a). Defendants filed their motion to dismiss on March 21, 2019, but Plaintiffs did not file an opposition until June 25, 2019—96 days after Defendants' motion and 82 days after the deadline to oppose. Even if the Court considers Plaintiffs' untimely opposition, Plaintiffs' complaint fails to state a claim. Plaintiffs' untimely opposition offers no argument on certain claims and primarily requests leave to amend. *See* Opp. at 7 (stating that plaintiff "requests leave to amend to assert additional facts and correct mistakes as to dates"). The Court addresses each of Plaintiffs' claims of action in turn.

### A. California Civil Code § 2923.5

Plaintiffs first allege that Defendants violated California Civil Code § 2923.5. Compl. at ¶¶ 25–29. Under California Civil Code § 2923.5, a notice of default "shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower.'" Cal. Civ. Code § 2923.5(b). Plaintiffs allege that Defendants violated Section 2923.5 because no Defendant contacted Plaintiffs "in person or by telephone to assess the borrower's financial situation" and because Defendants included no compliant declaration in the notice of default. Compl. at ¶ 27.

Defendants move to dismiss Plaintiffs' claim for violation of Section 2923.5 on three grounds, including that (1) the statute of limitations bars Plaintiffs' complaint; (2) Section 2923.5 provides no post-foreclosure remedy; and (3) Plaintiffs' complaint fails to set forth facts sufficient to allege non-compliance with Section 2923.5.

Because Defendants' second argument requires dismissal of Plaintiffs' Section 2923.5 claim without leave to amend, the Court does not address Defendants' other arguments. Without exception, California state courts and the Ninth Circuit have held that Section 2923.5 provides a

6
Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

borrower plaintiff a right of action only *before* foreclosure occurs—and the foreclosure sale of the Property occurred more than four years before Plaintiffs filed suit. Specifically, the California Court of Appeal has held that a plaintiff's right of action under § 2923.5 "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010); *see also Skov v. U.S. Bank Nat'l Ass'n*, 207 Cal. App. 4th 690, 696 (2012) (explaining that the "only remedy" for noncompliance with Section 2923.5 is postponement of foreclosure). Similarly, the Ninth Circuit held in *In re Turner*, 859 F.3d 1145 (9th Cir. 2017), that the borrower plaintiffs lacked a remedy under Section 2923.5 because the foreclosure sale of the subject property had already occurred. *Id.* at 1150.

Per Plaintiffs' own complaint, Defendants have already "foreclosed on the Subject Property." Compl. at ¶ 24. Moreover, Plaintiffs attach to their complaint the notice of trustee's sale, which indicates that on January 20, 2015, Defendant Barrett sold the Property at foreclosure to Skyway Investments, LLC. *Id.*, Ex. 4. Thus, no remedy is available under Section 2923.5, and the Court grants Defendants' motion to dismiss Plaintiffs' Section 2923.5 claim.

Because the foreclosure sale occurred more than four years ago, per public records attached to Plaintiffs' complaint, and because Section 2923.5 permits a right of action only prior to foreclosure, the Court finds that any amendment would be futile. *Leadsinger, Inc.*, 512 F.3d at 532.

The Court also notes that Plaintiffs' opposition does not even mention Section 2923.5, let alone offer argument in response to Defendants' motion. The Court construes Plaintiffs' failure to oppose Defendants' motion to dismiss Plaintiffs' Section 2923.5 claim—even after Plaintiffs obtained counsel and Plaintiffs' counsel filed an opposition to Defendants' motion more than three months after the motion was filed—as Plaintiffs' abandonment of that claim. *See Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address claims challenged in a motion to dismiss an "abandonment of those claims"). Plaintiffs' abandonment of the Section 2923.5 claim provides another reason to deny

7

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

1  leave to amend. Thus, the Court grants Defendants' motion to dismiss Plaintiffs' Section 2923.5 claim with prejudice.

### B. Breach of Contract

Plaintiffs next allege that Defendants are liable for breach of contract. Compl. ¶¶ 30–40. To state a breach of contract claim under California law, a plaintiff must plead "a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006). Plaintiffs' breach of contract claim concerns two separate agreements, which the Court discusses in turn.

#### 1. Breach Based on January 2015 Oral Loan Modification Agreement

Plaintiffs allege that on January 15, 2015, Plaintiffs entered an oral agreement with Defendants Caliber and Barrett "to reinstate the defaulted mortgage in installment payments," but that Defendants breached the oral agreement by selling the Property at a January 20, 2015 foreclosure sale. Compl. ¶ 31. Plaintiffs' opposition states that Plaintiffs received a loan modification on November 6, 2014, rather than January 15, 2015. Opp. at 3. However, the Court relies only on the allegations as pled in the complaint, on documents attached to the complaint, and on documents properly subject to judicial notice. *Swartz*, 476 F.3d at 763. Regardless, the precise date of the alleged oral agreement is immaterial to the deficiencies with Plaintiffs' claim.

Defendants argue that Plaintiffs' claim for breach of the oral agreement is time-barred. The Court agrees. Under California law, the statute of limitations for a claim for breach of an oral contract claim is two years. Cal. Civ. Proc. Code § 339 (holding that a plaintiff must initiate within two years "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing"). Plaintiffs allege that Plaintiffs and Defendant entered an oral agreement on January 15, 2015 and that Defendants breached the agreement on January 20, 2015 by selling the Property at a foreclosure sale. Compl. ¶ 31. Thus, the statute of limitations expired in January 2017, two years before Plaintiffs filed their lawsuit on January 16, 2019.

8

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

Further, as Defendants point out, California's statute of frauds, Cal. Civ. Code § 1624, bars any oral agreement from postponing a scheduled foreclosure sale—precisely the substance of the alleged oral agreement between Plaintiffs and Defendants. *See Garcia v. World Savings, FSB*, 183 Cal. App. 4th 1031, 1039 (2010) (holding that an "oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable"); *see also Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1137 (E.D. Cal. 2013) (noting that because mortgages and deeds of trust are subject to the statute of frauds, any agreements to modify a mortgage or deed of trust is also subject to the statute of frauds). Moreover, "[a] written contract may not be modified by an oral agreement, unless that oral agreement is memorialized in writing and signed by the parties." *Khan*, 975 F. Supp. 2d at 1137 (citing Cal. Civ. Code § 1698(b)).

In opposition, Plaintiffs make no allegation that Plaintiffs and Defendants reached a written loan modification agreement. Plaintiffs argue only that the January 15, 2015 oral agreement is subject to an exception to the statute of frauds, but do not specify which exception. Opp. at 5. Plaintiffs' alleged payment of $60,000 is not an exception to the statute of frauds. *See Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 555 (2008) ("The payment of money is not sufficient party performance to take an oral agreement out of the statute of frauds, for the party paying money under an invalid contract . . . has an adequate remedy at law.") (internal quotation marks and citations omitted) (alterations in original). Thus, Plaintiffs' complaint fails to allege facts sufficient to state a claim for breach of contract based on the January 2015 oral agreement.

Accordingly, the Court dismisses Plaintiffs' breach of contract claim predicated on the January 2015 oral agreement. Because granting Plaintiffs an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiffs have not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**2. Breaches of the Deed of Trust**

9

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

Plaintiffs also appear to allege that Defendants breached the deed of trust in two respects: (1) by invalidly substituting a trustee who then lacked the authority to foreclose on the Property; and (2) by failing to provide Plaintiffs with written notice before acceleration. Defendants contend that Plaintiffs' allegations are insufficient to state a claim, and Plaintiffs' opposition offers no argument in response. The Court addresses Plaintiffs' two theories in turn.

First, Plaintiffs allege that Defendants breached the deed of trust by foreclosing on the Property because Defendant Barrett lacked the authority to foreclose. Compl. at ¶ 34. Relatedly, Plaintiffs allege that Defendants failed to validly substitute Defendant Barrett as trustee. *Id.* ¶ 38. However, because, as explained below, Defendant Barrett was validly substituted as trustee and thus possessed the authority to foreclose, Plaintiffs' allegations are insufficient to state a claim for breach of contract.

In this case, the deed of trust contains an express provision that if Plaintiffs are in default under the deed, the lender "may invoke the power of sale" and the trustee may record a notice of default. Compl., Ex. 1 at 13. Under California law, the "trustee, mortgagee or beneficiary or any of their authorized agents" may record a notice of default. Cal. Civ. Code § 2924(a)(1); *see also Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994) (explaining how § 2924 and subsequent provisions "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust"). Furthermore, under California Civil Code § 2934a, the beneficiary "may make a substitution of trustee . . . to conduct the foreclosure and sale." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008); *see also* Cal. Civ. Code § 2934a(a)(1) (stating that the trustee "may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by . . . all of the beneficiaries under the trust deed").

Here, although Old Republic Title Company was the original trustee empowered to record a notice of default, Defendant Barrett was later substituted in as trustee. On May 21, 2014, pursuant to a Substitution of Trustee recorded with the Santa Clara County Recorder's Office, the

10

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

beneficiary Defendant BONY Mellon substituted Defendant Barrett as trustee in place of Old Republic Title Company. ECF No. 10, Ex. C. Thus, because the beneficiary Defendant BONY Mellon executed the substitution and recorded the substitution in Santa Clara County, in compliance with California Civil Code § 2934a, the substitution of Defendant Barrett as trustee was proper. As a result, under the deed of trust, and in accordance with California Civil Code § 2924, Defendant Barrett was empowered as trustee to invoke the power of sale and record the notice of default. *See* Cal. Civ. Code § 2924(a)(1).

Second, Plaintiffs allege that Defendants breached the deed of trust by failing to provide Plaintiffs written notice prior to acceleration. Compl. ¶ 39. The deed of trust provides that "[l]ender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." Compl., Ex. 1 at 13. An acceleration clause provides the lender the opportunity to "accelerate" the borrower's debt, such that the debt becomes immediately due and payable. *See In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 748 (9th Cir. 2001); *see also Thomas v. Fed. Nat'l Mortg. Ass'n*, 408 F. App'x 122, 122 (9th Cir. 2011) (rejecting claim that lender improperly accelerated borrower's deed of trust).

Here, Plaintiffs have failed to allege facts sufficient to state a breach of contract claim because Plaintiffs do not even allege that Defendants accelerated Plaintiffs' debt under the deed of trust. The only references to "acceleration" in the complaint are to Defendants' alleged failure to provide notice of acceleration. See Compl. ¶¶ 39, 65. Accordingly, Defendants cannot have failed to provide *notice* to Plaintiffs prior to acceleration if Defendants never accelerated Plaintiffs' debt. Thus, the Court dismisses Plaintiffs' breach of contract claim predicated on the deed of trust.

Because granting Plaintiffs an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiffs have not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**C. Breach of the Implied Covenant of Good Faith and Fair Dealing**

11

Next, Plaintiffs allege that Defendants breached the implied covenant of good faith and fair dealing. "It has long been recognized in California that '[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (quoting *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958)).

Plaintiffs' allegations related to the implied covenant encompass many paragraphs in the complaint. *See* Compl. ¶¶ 41–66. Plaintiffs primarily include a long narrative alleging that Defendants induced Plaintiffs and others "to accept mortgages for which they were not qualified based on inflated property valuations and undisclosed disregard of [Defendants'] own underwriting standards." *Id.* ¶ 46. However, to the extent that Plaintiffs' implied covenant claim is based on events leading to the 2006 deed of trust, Plaintiffs' implied covenant claim is time-barred. Under California law, the statute of limitations for a claim for breach of the implied covenant is either two years (when sounding in tort) or four years (when sounding in contract). *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1144 (2012). Under either statute of limitations, Plaintiffs' claims predicated on events leading to the 2006 deed of trust are easily time-barred, as the statute of limitations expired in either 2008 or 2010. Plaintiffs filed their complaint in January 2019—either nine or eleven years too late.

Plaintiffs state in their opposition that Plaintiffs' implied covenant claim is premised solely on Defendants' alleged breach of the oral agreement to postpone foreclosure on the Property. Opp. at 6 (arguing that Defendants violated the implied covenant "when the Defendants took actions to represent to the Plaintiffs that only $60,000 was necessary to prevent the foreclosure on the Property, when it [sic] actuality the Defendants intended to foreclosure [sic] on the Property whether or not they received said payment"). That breach allegedly occurred in January 2015, when Defendants sold the Property at foreclosure. *See* Compl., Ex. 4 (notice of trustee's sale stating that foreclosure sale occurred January 20, 2015). To the extent that Plaintiffs bring a claim

12

for tortious breach of the implied covenant, that claim is subject to a two-year statute of limitations. *See Love*, 221 Cal. App. 3d at 1144. Thus, the statute of limitations expired in January 2017, two years before Plaintiffs filed their January 16, 2019 complaint.

Moreover, any claim for breach of the implied covenant sounding in contract fails for the same reasons that Plaintiffs' breach of contract claims fail—Plaintiffs have failed to allege that the January 2015 oral loan modification was an enforceable contract. To state a claim for breach of the implied covenant sounding in contract, Plaintiffs must allege "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (internal citation and quotation marks omitted). Here, because Plaintiffs have not alleged the existence of an enforceable contract, Plaintiffs' complaint fails to allege facts sufficient to state a claim for breach of the implied covenant. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' claim for breach of the implied covenant.

Because granting Plaintiffs an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiffs have not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**D. Accounting**

Lastly, Plaintiffs bring a claim for accounting against Defendants Caliber and Barrett. To state a claim for accounting, Plaintiffs must "allege a fiduciary relationship or other circumstances appropriate to the remedy; and a balance due from the defendant to the plaintiff that can only be ascertained by an accounting." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *7 (N.D. Cal. July 13, 2011); *accord Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

Plaintiffs demand an accounting of the $60,000 that Plaintiffs allege they paid to Defendants pursuant to the alleged January 2015 oral loan modification agreement. Compl. ¶ 69.

13
Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

Defendants contend that Plaintiffs have failed to state a claim for accounting because Plaintiffs do not allege a special relationship or that Defendants owe Plaintiffs a balance.

The Court agrees with Defendants that Plaintiffs have failed to allege a fiduciary relationship necessary to support an accounting claim. In *Flowers*, the district court explained that "a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists," and is thus not subject to an accounting claim. 2011 WL 2748650, at *8 (quoting *Resolution Trust Corp. v. BVS Development, Inc.*, 42 F.3d 1206, 1214 (9th Cir. 1994)); *see also Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (explaining that absent special circumstances, there is no fiduciary relationship between a borrower and a lender); *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991) (explaining that a lender owes a borrower no fiduciary duty because a lender "is entitled to pursue its own economic interests in a loan transaction").

Plaintiffs' complaint does not allege that special circumstances existed such that Plaintiffs and Defendants entered a relationship beyond that of a lender and borrower. *See* Compl. ¶¶ 67–75. Nor do Plaintiffs allege that Plaintiffs and Defendants entered a joint venture. Accordingly, because absent allegations of special circumstances, Defendants owe Plaintiffs no obligation to provide an accounting, the Court grants Defendants' motion to dismiss Plaintiffs' accounting claim.

Further, Plaintiffs' opposition does not even mention Plaintiffs' accounting claim, let alone offer argument in response. The Court construes Plaintiffs' failure to oppose Defendants' motion to dismiss Plaintiffs' accounting claim—even after Plaintiffs obtained counsel and Plaintiffs' counsel filed an opposition to Defendants' motion more than three months after the motion was filed—as Plaintiffs' abandonment of that claim. *See Qureshi*, 2010 WL 841669, at *6 n.2 (deeming plaintiff's failure to address claims challenged in a motion to dismiss an "abandonment of those claims"). Accordingly, the Court dismisses with prejudice Plaintiffs' abandoned

14

Case No. 19-CV-01386-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

accounting claim. *See Yee v. Select Portfolio, Inc.*, 2018 WL 6173886, at *6 (N.D. Cal. Nov. 26, 2018) (dismissing with prejudice borrower plaintiff's abandoned quiet title claim).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with prejudice in part and without prejudice in part. Plaintiffs' claims for violation of California Civil Code § 2923.5 and accounting are dismissed with prejudice. Plaintiffs' claims for breach of contract and breach of the implied covenant are dismissed with leave to amend. Should Plaintiffs elect to file an amended complaint, Plaintiffs shall do so within thirty days of this Order. Failure to meet this 30-day deadline will result in dismissal of the challenged claims with prejudice. Failure to cure the deficiencies identified in Defendants' motion to dismiss may result in dismissal with prejudice of those challenged claims. Although Plaintiffs' opposition suggests that Plaintiffs wish to add a promissory estoppel claim, Opp. at 8, Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: July 11, 2019

_____
LUCY H. KOH
United States District Judge